### ALLARD *v.* HAMILTON.

It may be presumed that a material question of fact not specially found, and about which there was evidence, was found in favor of the party having a general verdict.

TRESPASS, *qu. cl.,* and for carrying away oats. Facts found by a referee. The plaintiff, by a verbal contract, undertook to carry on his father's farm, support his father and mother, and have the balance of the proceeds for his pay. With the assistance of his father, brother, and sister, all of whom lived on the farm, it was carried on; and the proceeds were applied to their common support for seven years, when the father and mother died. The oats in controversy grew from seed bought and sown by the father a short time before his death. The plaintiff and his brother carried on the farm that season until July, when the administrator of the father's estate, which was decreed insolvent, claiming the right to the crops, sold the oats,

unharvested, to the defendant, who cut and took them away. The plaintiff claimed the oats as tenant at will of his father. The referee found for the defendant, and the plaintiff excepted and moved for judgment.

*Pitman*, for the plaintiff.

*J. H. Hobbs*, for the defendant.

ALLEN, J.   The estate being insolvent, the administrator was entitled to the rents and profits of the land arising after the death of the ancestor.   The crops growing at his decease belonged to the administrator if the plaintiff was not a tenant.   If the plaintiff was tenant at will of his father, he was entitled to the oats and the unharvested crops sown and planted by him before his father's death.   The evidence on the question of the plaintiff's tenancy was conflicting, and by finding generally for the defendant the referee must have found that the plaintiff was not a tenant, but a servant in the employ of his father.   The defendant's title to the oats by purchase from the administrator was sufficient to defeat the plaintiff's action.

*Judgment for the defendant.*

BINGHAM, J., did not sit.